## I. INTRODUCTION

Pursuant to the provisions of Rule 51(a) of the Federal Rules of Civil Procedure and the orders of the Court, Defendant Astramed Physicians PC,  kindly requests that this Honorable Court provide the following instructions to jurors along with the standard jury instructions, at the close of the evidence.[1]

This case involves claims for unpaid overtime wages. In essence, plaintiff claims he worked more than forty hours a week for defendant and was not paid at least 1.5 times his regular rate for all hours in excess of forty hours in a week as is required by law.

## II . STIPULATIONS

**1.** In order to simply the case, the parties have stipulated and agreed to certain facts – you shall consider these stipulated facts as established for all purposes in this case. First, the parties have agreed that plaintiff was employed by defendant from December 7, 2009 to July 2011. Second, plaintiff's regular hourly rate was $11.50 from December 7, 2009 to September 30, 2010. Third, plaintiff's regular hourly rate was $12.50 from October 1, 2010 to June 20, 2011. Fourth, during plaintiff's employment with defendant, defendant paid plaintiff for 1054.73 hours of overtime (hours over 40 in a week) at his regular hourly rate instead of at the overtime rate of 1.5 times plaintiff's regular hourly rate.

---

[1]      Defendant reserves the right to supplement these proposed instructions based on the evidence and proceedings at trial

1

## III. LIABILITY AND DAMAGES

### A. Liability and Damages Based on Wage and Time Records

In order for the plaintiff  to prove his overtime claim, plaintiff must show that he worked more than 40 hours for defendant in at least one week, but was not paid at least 1.5 times his regular hourly rate for any hours worked for that week over forty hours per week.

Plaintiff has secured the production of his wage and time records from defendant in this case and has provided them to you in the form of Exhibit 1, and a summary of those records has been provided to you in the form of Exhibit 2.

 If either party challenges the accuracy of these wage and time records, the party who makes the challenge has the burden of overcoming the presumption of accuracy and of showing that these records are inaccurate by a preponderance of the evidence.

In deciding whether the presumption of accuracy is overcome, you may decide that the presumption of accuracy is overcome in no pay-period, in some pay-periods, or in all pay-periods. As the wage and time records reflect, the relevant pay-period was bi-weekly or every two weeks.

Only if you find that the presumption of accuracy of the records is not overcome for all pay-periods, you shall accept the records as accurate for all pay-periods of plaintiff's employment with defendant and award plaintiff $6,190.22 in unpaid overtime wages.

2

If either party here provided sufficient evidence to overcome the presumption of accuracy of plaintiff's wage and time records, for any, some, or all pay-periods, you will apply a burden-shifting standard to determine how much, if any, overtime wages are owed to plaintiff by defendant for the pay-periods that the presumption of accuracy was overcome.

Under this standard, plaintiff has the initial burden of showing he has in fact performed work for which he was improperly compensated and to produce sufficient evidence to show the amount and extent of that work

If plaintiff meets his burden of proof, then the defendant has the burden to come forward with evidence of the amount of work performed or with evidence to negative the reasonableness of the plaintiff's evidence.

If defendant fails to produce such evidence, only then may you award damages to the plaintiff.

## IV. LIQUIDATED DAMAGES

If you find that plaintiff is owed overtime wages by defendant, you will next determine if defendant, by a preponderance of the evidence, has proven that its failure to pay the overtime wages owed was in good faith. In order for defendant to prove good

3

faith, defendant must prove that it took affirmative steps to ascertain the dictates of the overtime law and to comply with them.

## V. VERDICT FORM

The verdict form you will receive contains three (3) questions. As to the first question, if you find that plaintiff is owed overtime wages by defendant you shall answer yes by circling the word yes. If you find that plaintiff is not owed overtime wages by defendant, you shall answer no by circling the word no.  If you answered question no one with 'no' then you do not answer any other questions and you may stop.  If you answered question no one with 'yes' then you must answer questions two and three. As to the second question, you shall state the amount of wages owed, if you answered yes to question 1. If you answered yes to question 1, question 3 requires you to answer whether defendant's failure to pay plaintiff his overtime wages was in good faith. If defendant's failure to pay was in good faith you shall answer yes by circling the word yes. If defendant's failure to pay was not in good faith, you shall answer no, by circling the word no.

Dated: Patchogue, New York
    October 29, 2013


Respectfully submitted,

 /s/ Robert W. Dapelo
Robert W. Dapelo, Esq. (rd9918)
110 North Ocean Avenue—Suite A
Patchogue, New York 11772
Tel: 631-654-9500
Attorney for Defendant Astramed Physicians PC

4